W. W. LEITNER, *alias* BILL LEITNER, V. THE STATE.

No. 19860.   Delivered November 9, 1938.
Rehearing Denied January 25, 1939.

The opinion states the case.

*Frank Samples, T. W. Dunn,* and *Mays & Mays,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of making a false claim for a refund of motor fuel tax, and fined the sum of $1,000.00 in the District Court of Travis County.

He offers only two grounds upon which to predicate a reversal of this case, the first ground being based on the insufficiency of the testimony, and the second ground being based upon a complaint relative to the introduction of two affidavits relative to motor fuel refunds for the month immediately preceding the affidavit upon which this prosecution is based.

Relative to the first complaint, it is shown by the evidence that appellant purchased 2784 gallons of gasoline, which he made affidavit was used in September 1936, in tractors, for breaking and sowing land which he had under cultivation in Tarrant County, Texas, and received as a rebate therefor the tax thereon, amounting in that month to two warrants from the Comptroller, one for $109.25 and one for $107.46, or a total tax refund of $216.71.

The testimony further shows that appellant was running a filling station at or near his land that he was cultivating, and that he had three under-ground tanks at such station. That this gasoline was delivered to him at such filling station, and pumped into such underground tanks. That in some instances at least, while the gasoline was being let into the underground tanks, appellant was pumping gasoline out of some of these tanks into waiting cars, who were presumably purchasing at retail. The testimony being sufficient to show that appellant was selling this gasoline at retail, although in each instance he told the man who was delivering this gasoline to the station that same was to be used in tractors.

The testimony also shows that the appellant owned two tractors which were used in plowing land estimated by some as about 250 acres and by others at a larger amount, but it also further shows by men who had been engaged in operating these various tractors that in the main these tractors used gasoline only to start them and warm them up, and then the fuel was changed to kerosene, upon which they operated very satisfactorily; some of the witnesses stating that each tractor used less than five gallons of gasoline daily for their operation.

The trial court allowed the introduction of three further affidavits by appellant for motor fuel tax refund, one of such affidavits being for the refund of the tax paid on 2739 gallons of gasoline claimed to have been purchased in September, 1936, it being the same month claimed in the affidavit herein declared upon, and two of same being for the month of August just prior to the affidavit herein declared upon.

This was a case of circumstantial evidence, and so charged upon by the trial court, and under the latitude allowed in such cases, we think such other and further affidavits admissible not only to show system and intent but also as a circumstance to show the falsity of the affidavit set forth in the indictment. The witnesses are somewhat vague in fixing the amount of land that appellant was plowing with these tractors, but, in the main, we gather that such acreage was somewhere near 250 acres. The State's witnesses say that a tractor would run all day on

about 30 gallons of fuel; that these tractors in 1936 would use a small amount of gasoline for warming up purposes, and use kerosene thereafter. The affidavits filed for August 1936 are one filed in the name of W. W. Leitner, and the other filed in the name of Bill Leitner and evidence the use of 6713 gallons of gasoline for plowing and breaking purposes in these tractors. The same system is also shown by the affidavits filed for September 1936, that is one by W. W. Leitner and one by Bill Leitner, and evidence the use of 5523 gallons of gasoline for that month used in such plowing and breaking. Under the testimony thus introduced, it seems to us that the jury would have the right to infer from such circumstances, taken in connection with the positive evidence above referred to, that it was impossible for such a large amount of gasoline to have been used in plowing the lands which appellant was then cultivating. Especially is this so when we take into consideration the limitation placed thereon by the trial judge in his charge to the jury, he having limited such testimony of other refunds than the one set forth in the indictment to the jury's consideration only so far as the same might have shown system. We can see no error in their admission, and especially in view of the careful trial judge's charge thereon.

We also think that the evidence is amply sufficient to show that the appellant made a false affidavit relative to a refund for motor fuel tax, and thus believing this judgment is affirmed.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have again examined the record in the light of the appellant's motion for rehearing and are constrained to conclude that the proper disposition of the appeal was made in the original opinion.

The motion for rehearing is therefore overruled.